# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

SOUL QUEST CHURCH OF MOTHER
 EARTH, INC., *et al.*,

    Petitioners,

    v.

U.S. DRUG ENFORCEMENT
 ADMINISTRATION, *et al.*,

    Respondents.

No. 22-11052

## MOTION TO DISMISS THE PETITION FOR REVIEW

Mark Stern
 (202) 514-5089
Lowell V. Sturgill Jr.
 (202) 514-3427
*Attorneys, Civil Division*
*Appellate Staff, Room 7241*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, N.W.*
*Washington, D.C. 20530*

**SOUL QUEST CHURCH OF MOTHER EARTH, INC. ET AL. V. U.S. DRUG ENFORCEMENT ADMINISTRATION, ET AL., NO. 22-11052 (11TH CIR.)**

### CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for respondents U.S. Drug Enforcement Administration; U.S. Attorney General; and Administrator, U.S. Drug Enforcement Administration hereby certify that the following have an interest in the outcome of this appeal:

Soul Quest Church of Mother Earth, Inc. (petitioner)

Young, Christopher (petitioner)

U.S. Drug Enforcement Administration (respondent)

U.S. Attorney General (respondent)

Administrator, U.S. Drug Enforcement Administration (respondent)

Brett, Derek Benjamin (counsel for petitioner)

The Burnside Law Group (petitioner's counsel's law firm)

Phillips, Andrew Brian (counsel for petitioner)

A. Brian Phillips PA (petitioner's counsel's law firm)

Sturgill Jr., Lowell V. (counsel for respondents)

Stern, Mark B. (counsel for respondents)

Harris, Julie Strauss (counsel for defendants in CA11 No. 22-11072)

Hancock, Kevin P. (counsel for defendants in CA11 No. 22-11072)

Gaffney, Michael James (counsel for defendants in CA11 No. 22-11072)

United States Department of Justice

    Submitted this 5th day of May, 2022.

s/s Lowell V. Sturgill Jr.
Lowell V. Sturgill Jr.
*Attorney, Civil Division*
*Appellate Staff, Room 7241*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, N.W.*
*Washington, D.C. 20530*
*Counsel for Respondents*

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____
                                                        )
SOUL QUEST CHURCH OF MOTHER    )
  EARTH, INC., *et al.*,                                  )
                                                        )
      Petitioners,                                      )
                                                        )
      v.                                                )   No. 22-11052
                                                        )
U.S. DRUG ENFORCEMENT              )
  ADMINISTRATION, *et al.*,             )
                                                        )
      Respondents.                                 )
_____)

**MOTION TO DISMISS THE PETITION FOR REVIEW**

      Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1, respondents move to dismiss the Petition for Review. The Petition invokes this Court's jurisdiction under 21 U.S.C. § 877, which requires filing a petition for review within 30 days of final action by the Drug Enforcement Administration (DEA). Petitioners cannot satisfy that requirement because they filed the Petition for Review almost a year after the final agency action the Petition challenges—a DEA decision denying petitioners' request for a religious exemption from the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. Petitioners received the DEA decision the same day it was issued, and elected to seek judicial review of that ruling in an amended district court complaint rather than by filing the timely petition for review section 877 requires. The Petition should be dismissed on those grounds.

1

## I.  Background

### A.  Petition for Review

On April 4, 2022, petitioners Soul Quest Church of Mother Earth, Inc. and Christopher Young filed the Petition for Review in this Court. The Petition seeks an order vacating, reversing, and enjoining a "final agency decision rendered by [r]espondents" on April 16, 2021, Pet. 10, and directing respondents to grant petitioners' request for an exemption from the Controlled Substances Act permitting petitioners to import, possess, and distribute plants containing dimethyltryptamine (DMT)—a Schedule I-controlled substance—in order to make ayahuasca, which is an hallucinogenic tea. *See id.* at 10-11; *Gonzalez v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 425 (2006).

DEA's decision of April 16, 2021, which constitutes final agency action under 21 U.S.C. § 877, *see* DEA Letter 8, denies petitioners the same relief the Petition for Review requests, *i.e.*, permission to import, possess, and distribute plants containing DMT for alleged religious purposes. *See id.* at 2. The DEA Letter concludes that petitioners failed to show that their use of ayahuasca is based on a sincerely held religious belief, *see id.* at 4, and that even if petitioners had made that showing, DEA's denial of petitioners' religious-exemption request is the least restrictive means of furthering two compelling interests: "the need to protect public health and safety from potentially dangerous substances, and the need to prevent diversion of controlled substances into the illicit market." *Id.* at 5.

2

Regarding the religious-belief issue, DEA concluded that Soul Quest "promotes ayahuasca to the public for self-help and therapeutic reasons, rather than solely to fellow believers for . . . religious ritual purposes." DEA Letter 5. The Letter also observed that Soul Quest's website shows that Soul Quest "advertises the use and distribution of ayahuasca to the public as fundamentally medicinal" rather than religious. *Id.* at 3.

With respect to DEA's compelling interests, the DEA Letter noted that while Soul Quest "described detailed screening procedures for participants" and "monitoring of ayahuasca consumption by trained health care professionals," DEA's investigation revealed "troubling allegations that Soul Quest has failed to follow its own procedures." DEA Letter 7. Those allegations include contentions in a wrongful-death action filed against Soul Quest by the estate of an individual who died after ingesting ayahuasca and another substance (kambo, the secretion of a South American frog) at a Soul Quest retreat, and assertions by another individual that Soul Quest staff members delayed calling 911 when she experienced adverse effects from an unknown substance administered to her during a Soul Quest ceremony. *See id.* DEA also noted that Soul Quest "currently lacks adequate measures to safeguard either the imported plants in its custody or the tea, once manufactured," *id.* at 7, and that during the DEA's investigation, Soul Quest "made no commitment to lawfully import or acquire the plant material containing DMT within the comprehensive regulatory system established under the CSA," *id.*, which is necessary to allow the DEA to "track these shipments to ensure that none are diverted into illicit channels," *id.* at 5.

3

### B.  Separate District Court Action Challenging the Denial of Petitioners' Religious-Exemption Request

Earlier, in April of 2020, petitioners filed a civil action in district court seeking an order prohibiting the DEA from enforcing the CSA against petitioners' alleged sacramental use of ayahuasca. *See Soul Quest Church of Mother Earth, Inc. v. Barr*, Dkt. 1, No. 6:20-cv-00701 (M.D. Fla.). On May 7, 2021—within the thirty-day period allowed for filing a petition for review under 21 U.S.C. § 877—petitioners notified the district court that they received the DEA's April 16, 2021 Letter denying their request for a religious exemption on the evening of that same day. Dkt. 31, p. 9.

Even though the DEA Letter notified petitioners that the Letter was a final order under 21 U.S.C. § 877, *see* DEA Letter 8, petitioners chose not to file a petition for review of that order in the appropriate court of appeals within the 30 days section 877 requires. Instead, petitioners amended the complaint in their civil action to add a claim specifically challenging the DEA's April 16, 2021 Letter, requesting that the Letter be voided. *See* Dkt. 39 & 42; Dkt. 59 at 3-5, 35, 30-38. DEA moved to dismiss that complaint and a subsequent complaint which also challenged the DEA Letter, Dkt. 59, for lack of subject-matter jurisdiction under section 877 and for failure to state a claim, *see* Dkt. 44 & 61. The district court granted DEA's motion based on section 877, *see* Dkt. 74 at 6, and petitioners filed a notice of appeal from that order on April 4, 2022, *see* Dkt. 76. This Court docketed that appeal as *Soul Quest Church of Mother Earth, Inc. v.*

4

*Attorney General*, No. 22-11072 (11th Cir.), and directed petitioners to file the opening brief in that matter by May 16, 2022.

## II.    Argument

### A.    The Petition for Review Should be Dismissed as Untimely

The Petition for Review seeks review of "the Drug Enforcement Agency's . . . final agency action issued on April 16, 2021," Pet. 1, denying their request for a religious exemption to the Controlled Substances Act, *see id.* at 8-9. The Petition recites that it is filed pursuant to 21 U.S.C. § 877, *see* Pet. 1, which provides as follows:

> All final determinations, findings, and conclusions of the Attorney General under this subchapter shall be final and conclusive of the matters involved, except that any person aggrieved by a final decision . . . may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located upon petition filed with the court and delivered to the Attorney General *within thirty days after notice of the decision*.

21 U.S.C. § 877 (emphasis added). The Petition, filed on April 4, 2022, is untimely because it was filed almost a year after that DEA decision, and thus not remotely within the 30-day time limit specified in 21 U.S.C. § 877.

The Petition recites that DEA's April 16, 2021 Letter constitutes final agency action, *see* Pet. 1, and that is plainly so, since the Letter marks the consummation of DEA's decision making process regarding petitioners' request for a religious exemption to the CSA, and definitively reflects DEA's determination of how the law applies to the facts of petitioners' religious-exemption request. *See Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *cf. Advanced Med. Science Instit., PLLC v. Garland*, 24 F.4th 1249, 1260-61 (9th

5

Cir. 2022) (informational letter was not final under section 877 because it was not preceded by agency factfinding and had no legal consequences).

Neither could petitioners have reasonably believed DEA's April 16, 2021 Letter did not constitute final agency action. The Letter noted that DEA's denial of petitioner's religious-exemption request followed a "thorough review of the entire record," DEA Letter 8, and that DEA had given "full consideration" to petitioners' exemption request, supplemental submissions, and the results of DEA's investigation of petitioners' request, *id.* at 2. The Letter discussed those materials in detail, *see id.* at 2-7, and is in no way tentative, preliminary, or without legal consequence.

Petitioners state that they filed the Petition "to preserve Eleventh Circuit review" in the event this Court in *Soul Quest Church of Mother Earth, Inc. v. Attorney General*, No. 22-11072 (11th Cir.), were to affirm the district court's order dismissing their civil action seeking an exemption from the CSA. *See* Pet. 9-10. But Petitioners could have achieved that goal by filing the Petition within 30 days of the DEA's April 16, 2021 Letter and requesting this Court to stay that proceeding pending resolution of their civil action in *Soul Quest Church of Mother Earth, Inc.* The D.C. Circuit recently allowed another plaintiff to protect its right to judicial review under 21 U.S.C § 877 in this way. *See Hemp Industries Assoc. v. U.S. DEA*, 539 F. Supp. 3d 120, 125 (D.D.C. 2021).

Although the Petition does not cite this case, petitioners also could not excuse their late filing by relying on *Boggs v. U.S. Railroad Retirement Bd.*, 725 F.2d 620 (11th Cir. 1984). In *Boggs*, this Court deemed the timely but erroneous filing of a petition for

6

review in district court as preserving the obligation under 45 U.S.C. § 231g to file the petition in a court of appeals. *See id.* at 621-22. Unlike the plaintiff in *Boggs*, petitioners did not make the purely technical mistake of filing a request for appellate review in a district court. Instead, they knowingly and intentionally chose to pursue a district court civil action *in lieu of* timely petitioning for review under 21 U.S.C. § 877. The DEA's April 16, 2021 Letter expressly stated that it constituted final agency action under section 877, and thus indisputably put petitioners on notice that any challenge to DEA's decision must be brought in the appropriate court of appeals. Petitioners received the Letter the same day, and were fully aware by no later than May 7, 2021—within section 877's 30-day filing period and nearly a year ago—that defendants would argue that section 877 deprived the district court of subject-matter jurisdiction. *See* Dkt. 30, p. 3 n.1 (acknowledging that DEA "will argue that 21 U.S.C. § 877 divests [the district court] of jurisdiction to hear the [p]laintiffs' claims").

Despite being fully on notice that DEA's April 16, 2021 Letter constituted final agency action reviewable exclusively on a timely petition for review to the appropriate court of appeals, petitioners elected to amend their complaint in their district court action rather than file a timely petition for review. *See* Dkt. 42; *see also* Dkt. 59. That amended complaint asserted that section 877 is *inapplicable* to that civil action, *see* Dkt. 42 at 3, ¶ 8, and petitioners took the same position in opposing DEA's motion to dismiss petitioners' subsequent amended complaint, *see* Dkt. 62 at 9.

7

Petitioners plainly cannot maintain two separate actions in two different courts—one (petitioners' district-court action, now on appeal in *Soul Quest Church of Mother Earth, Inc. v. Attorney General*, No. 22-11072 (11th Cir.)) arguing that section 877 is inapplicable on this set of facts, and the other (this petition for review) arguing the contrary. Petitioners are entitled to pursue their appeal of the district court's order in their civil action holding that section 877 vested the courts of appeals with exclusive jurisdiction over their claims, but this petition for review is plainly untimely and should be dismissed on that ground.

**B.     Although the Court Need Not Address this Issue, Section 877's 30-Day Filing Rule is Properly Considered Jurisdictional.**

At least two courts of appeals have held that section 877's 30-day filing requirement is jurisdictional, and thus not subject to equitable exceptions. *See Fry v. DEA*, 353 F.3d 1041, 1044 (9th Cir. 2003); *Nutt v. DEA*, 916 F.2d 202, 203 (5th Cir. 1990); *see generally Bowles v. Russell*, 551 U.S. 205, 210, 214 (2007). That conclusion follows from section 877's text, which directly links, in a single clause, that section's 30-day filing requirement to Congress's provision for jurisdiction in the courts of appeals for review of the agency orders section 877 governs. That latter provision is plainly jurisdictional, *see, e.g.*, *Sharma v. DEA*, 511 F. App'x 898, 902 (11th Cir. 2013); *John Doe, Inc. v. DEA*, 484 F.3d 561, 565 (D.C. Cir. 2007); *United States v. Carlson*, 87 F.3d 440, 446 (11th Cir. 1996); *Hemp Industries*, 539 F. Supp. 3d at 127, and there is no grammatically

proper way to divorce section 877's 30-day filing rule from section 877's assignment of judicial review exclusively to the appropriate federal courts of appeals.

In that respect, section 877 resembles the Hobbs Act's 60-day time limit for filing a petition for review of certain final agency decisions, which states that "[a]ny party aggrieved by [a final order reviewable under this chapter] may, within 60 days of its entry, file a petition to review the order in the court of appeals wherein venue lies." 28 U.S.C. § 2344. The lower courts have "uniformly held" that section 2344's time limit for filing a petition for review is jurisdictional. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 437 (2011); *see, e.g.*, *Matson Navigation Co., Inc., v. United States Dep't of Transportation*, 895 F.3d 799, 803 (D.C. Cir. 2018); *Brazoria County v. E.E.O.C.*, 391 F.3d 685, 688 (5th Cir. 2004).

As explained, however, petitioners cannot identify any equitable ground to excuse their knowing and intentional election not to file a petition for review within section 877's 30-day filing requirement, which is plainly mandatory. Accordingly, this Court need not decide whether that requirement is jurisdictional. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 26, 31 (1989) (dismissal of citizen suit for failure to comply with 90-day notice provision under 42 U.S.C. § 6972(b)(1) was appropriate regardless of whether that provision is considered jurisdictional).

Counsel for petitioners have authorized us to represent that petitioners oppose this motion.

9

Respectfully submitted,

Mark Stern
  (202) 514-5089
<u>s/s Lowell V. Sturgill Jr.</u>
Lowell V. Sturgill Jr.
  (202) 514-3427
  *Attorneys, Civil Division*
  *Appellate Staff, Room 7241*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue, N.W.*
  *Washington, D.C. 20530*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(e)(1)(E) and the type-volume limitations of Federal Rule of Appellate Procedure 27(e)(2). The motion contains 2303 words as calculated by Microsoft Word, and has been prepared in a proportionally spaced typeface using Garamond 14-point type.

s/s Lowell V. Sturgill Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing motion on May 5, 2022, by use of the Court's CM/ECF system. Service will be made on counsel by that system.

s/s Lowell V. Sturgill Jr.