IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____
                                            )
SOUL QUEST CHURCH OF MOTHER                 )
  EARTH, INC., *et al.*,                    )
                                            )
     Petitioners,                           )
                                            )
     v.                                     )   No. 22-11052
                                            )
U.S. DRUG ENFORCEMENT                       )
  ADMINISTRATION, *et al.*,                 )
                                            )
     Respondents.                           )
_____)

**REPLY TO RESPONSE TO MOTIONS TO DISMISS THE PETITION
FOR REVIEW AND TO STAY FILING OF THE ADMINISTRATIVE
RECORD**

Mark Stern
  (202) 514-5089
Lowell V. Sturgill Jr.
  (202) 514-3427
  *Attorneys, Civil Division*
  *Appellate Staff, Room 7241*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue, N.W.*
  *Washington, D.C. 20530*

*SOUL QUEST CHURCH OF MOTHER EARTH, INC. ET AL. V. U.S. DRUG ENFORCEMENT ADMINISTRATION, ET AL.*, NO. 22-11052 (11TH CIR.)

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for respondents U.S. Drug Enforcement Administration; U.S. Attorney General; and Administrator, U.S. Drug Enforcement Administration hereby certify that the following have an interest in the outcome of this appeal:

Soul Quest Church of Mother Earth, Inc. (petitioner)

Young, Christopher (petitioner)

U.S. Drug Enforcement Administration (respondent)

U.S. Attorney General (respondent)

Administrator, U.S. Drug Enforcement Administration (respondent)

Brett, Derek Benjamin (counsel for petitioner)

The Burnside Law Group (petitioner's counsel's law firm)

Phillips, Andrew Brian (counsel for petitioner)

A. Brian Phillips PA (petitioner's counsel's law firm)

Sturgill Jr., Lowell V. (counsel for respondents)

Stern, Mark B. (counsel for respondents)

Harris, Julie Strauss (counsel for defendants in CA11 No. 22-11072)

Hancock, Kevin P. (counsel for defendants in CA11 No. 22-11072)

Gaffney, Michael James (counsel for defendants in CA11 No. 22-11072)

United States Department of Justice

    Submitted this 5th day of May, 2022.

                                          <u>s/s Lowell V. Sturgill Jr.</u>
                                          Lowell V. Sturgill Jr.
                                            *Attorney, Civil Division*
                                            *Appellate Staff, Room 7241*
                                            *U.S. Department of Justice*
                                            *950 Pennsylvania Avenue, N.W.*
                                            *Washington, D.C. 20530*
                                            *Counsel for Respondents*

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____
                                            )
SOUL QUEST CHURCH OF MOTHER                 )
  EARTH, INC., *et al.*,                    )
                                            )
        Petitioners,                        )
                                            )
        v.                                  )   No. 22-11052
                                            )
U.S. DRUG ENFORCEMENT                       )
  ADMINISTRATION, *et al.*,                 )
                                            )
        Respondents.                        )
_____)

## REPLY TO RESPONSE TO MOTIONS TO DISMISS THE PETITION FOR REVIEW AND TO STAY FILING OF THE ADMINISTRATIVE RECORD

Respondent Drug Enforcement Administration (DEA) has moved to dismiss this petition for review as untimely and has sought a stay of the date for filing the administrative record. Petitioners do not dispute that their petition for review was filed well after the 30 days Congress provided under 21 U.S.C. § 877, and they affirmatively disavow any request for equitable tolling. Their argument that DEA's denial of their request for an exemption to the Controlled Substances Act (CSA) did not constitute final agency action is foreclosed by controlling precedent. Petitioners also identify no ground on which DEA should be required to file the administrative record before the Court rules on DEA's motion to dismiss.

1

## I.     This Court Should Dismiss the Petition for Review as Untimely.

As our motion to dismiss explained, petitioners invoked this Court's jurisdiction under 21 U.S.C. § 877, which requires filing a petition for review within 30 days of final action by DEA. DEA issued a final denial of petitioners' request for a religious exemption from the CSA on April 16, 2021. Petitioners filed their petition for review on April 4, 2022, almost a full year after DEA's April 16, 2021, final denial letter. The petition is thus untimely and should be dismissed on that ground.

Petitioners argue that DEA's denial of their religious-exemption request did not become final under 21 U.S.C. § 877 until March 4, 2022, when the district court dismissed a civil complaint petitioners had previously filed seeking materially the same relief requested in their petition for review. *See* Resp. 3-4. That argument conflates two types of finality. The dismissal marked the final order in the district court litigation. The finality of the agency decision, however, in no way turns on the finality of the district court decision. Petitioners could and should have sought review of the final agency action within 30 days of its issuance. They chose, instead, to challenge the agency determination in district court. The question here is not whether they sought timely review of the district court decision, but whether they failed to seek timely review in this Court of the agency's final action.

Petitioners' argument also conflicts with section 877's principal purpose and function, which is to channel to the courts of appeals judicial review of agency action that reflects the culmination of the *agency's* consideration of a matter. *See, e.g., Sharma v.*

2

*DEA*, 511 F. App'x 898, 903 (11th Cir. 2013) (per curiam); *John Doe, Inc. v. DEA*, 484 F.3d 561, 568 (D.C. Cir. 2007). *See generally Drummond Coal Co. v. Watt*, 735 F.2d 469 (11th Cir. 1984). Where, as here, "Congress has provided in the courts of appeals an exclusive forum for the correction of procedural and substantive administrative errors, a plaintiff may not bypass that forum" by raising those errors in district court. *Green v. Brantley*, 981 F.2d 514, 521 (11th Cir. 1993).

Petitioners' error is underscored by their attempt to rely on *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62 (1970), which observed that "the relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action." *Id.* at 71. That observation leaves no doubt that DEA's April 2021 letter constituted final agency action. And once the letter issued, there was no risk of disrupting the agency's "orderly process of adjudication." Petitioners argue that DEA's April 2021 decision disrupted the "orderly process of adjudicati[ng]" the district court action they had previously filed seeking similar relief. Resp. 5 (quoting *Port of Boston*, 400 U.S. at 71). But that contention reveals that petitioners have it exactly backwards. The disruption to which the Court referred is "possible disruption of the *administrative* process," by premature judicial review. *Port of Boston*, 400 U.S. at 71 (emphasis added); *accord Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).

3

Petitioners also argue, at length, that DEA lacked statutory authority to make a final determination on their administrative request for a religious exemption. *See* Resp. 6-12. They have also raised that contention in their appeal of the district court order dismissing their civil case, pending before this Court at No. 22-11072, but as our brief in that appeal explains, the argument is without merit. In any event, petitioners fail to explain how that issue is relevant to whether their petition for review in this proceeding was timely filed. Whether or not DEA had authority to consider petitioners' administrative religious-exemption request, petitioners made that request; DEA denied that request; petitioners requested this Court to review that decision on direct review, relying on 21 U.S.C. § 877 to provide appellate jurisdiction; and petitioners thus were obliged to file that petition within the 30-day period section 877 sets out.

Petitioners suggest that DEA's motion to dismiss is "intended to further [DEA's] subterfuge" in issuing a determination on petitioners' administrative religious-exemption request without statutory authority. Resp. 12. Baseless assertions of bad motives do not alter the fact that their petition was filed substantially out of time, however, and it was hardly a "subterfuge" for DEA to respond to a petition for review petitioners themselves filed.

In the alternative, petitioners request that this action be transferred to another court under 28 U.S.C. § 1631 if this Court decides that the petition for review was not timely filed. *See* Resp. 12. That statute, however, only allows transfer to a court "in which the action or appeal could have been brought at the time it was filed or noticed."

4

28 U.S.C. § 1631. Section 1631 is inapplicable here because this action could not have been brought in any other court "at the time it was filed," since it was filed long after the time specified in 21 U.S.C. § 877. Section 1631 is designed to permit transfer of cases that were filed in the wrong court, not to resurrect proceedings that were untimely filed. *See, e.g.*, *De Ping Wang v. Department of Homeland Sec.*, 484 F.3d 615 (2d Cir. 2007); *Danko v. Director, Office of Workers' Comp. Programs*, 846 F.2d 366 (6th Cir. 1988) (per curiam); *Hardesty v. Benefits Review Bd. of the U.S. Dep't of Labor*, 783 F.2d 138 (8th Cir. 1986) (per curiam).[1]

Petitioners further suggest that a "theoretical oversight on their behalf in allowing the [d]istrict [c]ourt time to adjudicate their [l]awsuit" should not cause them to be "divested of their right to an appellate review of the DEA's supposed 'final agency determination.'" Resp. 13. Petitioners insist that they "do not seek an equitable exception" to timely filing here, Resp. 5, however, and as our motion to dismiss (at 6) explained, petitioners were incontrovertibly on notice of section 877's 30-day filing requirement when they received DEA's denial letter, and could have protected their rights by filing a timely petition and asking this Court to hold that petition in abeyance

---

[1] Petitioners also wrongly suggest it was "false" for DEA's motion to dismiss to state that petitioners "knowingly and intentionally chose to pursue a district court civil action *in lieu of* timely petitioning for review under 21 U.S.C. § 877." Resp. 12 (quoting Mot. to Dismiss 7) (emphasis omitted). While petitioners filed that district court suit prior to DEA's denial of their administrative religious-exemption request, petitioners chose to continue "pursu[ing]" that district court action in lieu of filing a timely petition for review, as our motion to dismiss the petition for review (at 7) correctly notes.

5

while they pursued their district court action. Petitioners neither discuss nor dispute any of those points.

## II.   The Court Should Stay the Time for Filing the Administrative Record.

DEA also moved for a stay of the date for filing of the administrative record until 30 days after the Court rules on DEA's motion to dismiss the petition for review. The motion noted that compiling the record will require substantial efforts by DEA, which is already overburdened with other litigation responsibilities—including having to move for the dismissal of this plainly untimely petition for review.

Petitioners accuse DEA of attempting to "[c]ircumvent" the requirement of filing the administrative record, Resp. 13, but a request for a stay under the circumstances here does not constitute "circumvention." Under petitioners' view, any extension of any procedural deadline would apparently constitute improper circumvention. DEA's request also is plainly not a "delay tactic." Resp. 14. Indeed, the administrative record will never need to be filed if the Court grants DEA's motion to dismiss this proceeding.

Finally, petitioners identify no prejudice that conceivably could result from granting this relief. Granting the requested stay would not materially delay the resolution of this action, which petitioners themselves extended by the extra 60 days they sought and received to reply to DEA's motions.

## Conclusion

For the foregoing reasons and those stated in our motions, the Court should dismiss the petition for review and stay the requirement for filing the administrative record until 30 days after the Court rules on the motion to dismiss.

Respectfully submitted,

Mark Stern
  (202) 514-5089
s/s Lowell V. Sturgill Jr.
Lowell V. Sturgill Jr.
  (202) 514-3427
  *Attorneys, Civil Division*
  *Appellate Staff, Room 7241*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue, N.W.*
  *Washington, D.C. 20530*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(e)(1)(E) and the type-volume limitations of Federal Rule of Appellate Procedure 27(e)(2). The motion contains 1523 words as calculated by Microsoft Word, and has been prepared in a proportionally spaced typeface using Garamond 14-point type.

s/s Lowell V. Sturgill Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing motion on August 22, 2022, by use of the Court's CM/ECF system. Service will be made on counsel by that system.

s/s Lowell V. Sturgill Jr.